UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JOSE RIVERA,

       Plaintiff,

v.

RENTGROW, INC.,

SERVE:   Corporation Service Company
               84 State Street
               Boston, MA 02109

and

BACKGROUNDCHECKS.COM, LLC,

SERVE:   David Bartley
               12770 Coit Road, Suite 1200
               Dallas, TX 75251

       Defendants.

Civil Action No.: _____

## **COMPLAINT**

**COMES NOW** the Plaintiff, JOSE RIVERA, by counsel, and as for his Complaint against the Defendants, he alleges as follows:

## **INTRODUCTION**

1. This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought against Defendants pursuant to 15 U.S.C. § 1681, *et seq*. (Federal Fair Credit Reporting Act or "FCRA").

## JURISDICTION

2. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendants regularly conduct business in the district and division.

## PARTIES

3. The Plaintiff is a natural person and "consumer" as protected and governed by the FCRA.

4. Defendant RENTGROW, INC. ("RentGrow") is a Massachusetts Corporation doing business in the State of Florida.

5. RentGrow is a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

6. Defendant BACKGROUNDCHECKS.COM, LLC ("BGC") is a Texas limited liability company doing business in the State of Florida.

7. BGC is a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

## STATEMENT OF FACTS

8. Plaintiff applied to rent a home in St. Augustine, Florida.

9. In connection with Plaintiff's rental application, the rental agent requested Plaintiff's background report from the Defendant, RentGrow.

10. RentGrow, in turn, thereafter requested the Plaintiff's background report from its co-Defendant, BGC so that it could use and resell the information to the rental agent.

11. The report that Defendant BGC furnished to RentGrow, which in turn was furnished to the rental agent included criminal history information that did not belong to the Plaintiff.. Instead, the reports concerned a different individual who was entirely unrelated to the Plaintiff and that had a criminal history, including a serious felony conviction and associated prison record.

12. The reports sold about the Plaintiff were grossly inaccurate. While Plaintiff is a retired police officer and has no criminal history whatsoever, the report contained three pages of criminal history—including criminal sale and possession of a controlled substance from the New York Department of Corrections.

13. Upon information and belief, Defendant BGC obtained the records that it reported about the Plaintiff by using an internally developed computer program to crudely "webscrape" the information from the internet as a way to save money rather than sending people to the courts to retrieve the actual records.

14. In choosing to obtain the records that it reported about the Plaintiff by webscrape, the Defendants were unable to obtain all of the true offender's identifying information.

15. The Defendants could have obtained this information had they gone to the courthouse and requested a paper copy of the court file.

16. In creating and furnishing Plaintiff's consumer reports, the Defendants failed to follow reasonable procedures to assure that the reports that each furnished were of the maximum possible accuracy.

17. When the Plaintiff's reports were published, the Defendants knew that their procedures to generate the reports were not only unreasonable, but that there was a substantial possibility that the use of these "loose matching" procedures could return criminal records that

were not properly attributable to the Plaintiff.

18.  The Defendants intentionally chose to loosely match the criminal records - risking the damage that occurred to the Plaintiff here - as a cost saving mechanism.

19.  The Defendants' failure to follow reasonable procedures to assure that their reports only contained accurate information was a substantial factor in the initial rejection of Plaintiff's rental application.  Plaintiff was forced to attempt to prove a negative - that he was not a criminal - and to persuade the rental agent that those charges did not belong to him.

20.  The Plaintiff experienced embarrassment and humiliation when denying the alleged criminal charges since he had lived a life in compliance with law and was a dedicated police officer who had spent his career in public service and law enforcement.

21.  At all times pertinent to this Complaint, Defendants' conduct regarding the preparation of Plaintiff's consumer file was willful and carried out with reckless disregard for the Plaintiff's rights as set forth under the FCRA. By example only and without limitation, Defendants' conduct was willful because it was intentionally accomplished through intended procedures and because Defendants' loose matching procedures do not constitute reasonable procedures to assure the maximum possible accuracy in the report that it prepared. Defendants could drastically increase the accuracy of their reports by requiring strict matching identification—such as a full name, complete date of birth, and full social security match—before placing information into a consumer's file. Upon information and belief, the Defendants elected not to use these more rigorous standards because it would decrease the speed with which they could prepare a consumer report and would increase their costs.

22.  Defendants knew or should have known about their legal obligations under the FCRA. The plain language of the FCRA, the Federal Trade Commission's regulations, and the

Consumer Financial Protection Bureau's regulations make these obligations clear.

23. Upon information and belief, Defendants have not, and do not intend to modify their procedures to comply with § 1681e(b) of the FCRA because compliance would drastically increase its operating expenses.

24. Defendants acted consciously in breaching their known duties and, in doing so, violated the Plaintiff's rights under the FCRA.

25. At all times pertinent to this Complaint, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under Defendants' direct supervision and control.

26. Therefore, the Defendants' conduct was willful, rendering each of the Defendants individually liable for actual, statutory, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n, in addition to reasonable attorney's fees and costs.

27. In the alternative, the Defendants' conduct was negligent, rendering each of them individually liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681o, in addition to reasonable attorney's fees and costs.

## COUNT I - FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### Defendant RentGrow

28. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

29. Defendant, RentGrow violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report that it furnished regarding the Plaintiff.

30. Because of Defendant RentGrow's conduct, Plaintiff suffered actual damages,

including but not limited to: loss of sleep, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

31. Defendant RentGrow's violation of 15 U.S.C. § 1681e(b) was willful, rendering it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n.  In the alternative, the Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

32. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs, and attorney's fees from Defendant RentGrow in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II - FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### Defendant BACKGROUNDCHECKS.COM

33 Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

34. Defendant BGC violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of each of the consumer reports that it furnished regarding the Plaintiff.

35. Because of Defendant BGC's conduct, Plaintiff suffered actual damages, including but not limited to: loss of sleep, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

36. Defendant BGC's violation of 15 U.S.C. § 1681e(b) was willful, rendering it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n.  In the alternative, the Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

37. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs, and attorney's fees from Defendant BGC in an amount to be determined by the

jury pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendants, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and any such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**JOSE RIVERA**

By: s/Craig C. Marchiando
Craig C. Marchiando
Florida Bar No. 1010769
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 930-3662
Email: craig@clalegal.com

*Counsel for the Plaintiff*